**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie Grey Vanaman,<br><br>    Plaintiff,<br><br>v.<br><br>Unknown Molinar, et al.,<br><br>    Defendants. | No. CV-17-00222-TUC-JGZ<br><br>**ORDER** |

In this action, Plaintiff Leslie Vanaman alleges that Defendants USP-Tucson Warden Shartle and mailroom supervisor Molinar prohibited him from receiving the May 16, 2016 issue of Cruising World Magazine in violation of his First and Fifth Amendment rights. Now pending are Plaintiff's (1) Motion to Rule on Admissions Requests or, alternatively, Motion for Extension of Time (Doc. 108), (2) Second Motion Regarding the Sufficiency of Defendants' Admissions Responses (Doc. 112), (3) Motion for Sanctions (Doc. 114), and (4) Motion to Assign Court Resources (Doc. 115.) On November 19, 2019, the Court heard oral argument on the pending motions.[1]

**I.    Background**

Plaintiff's claims arise from Defendants' application of Institution Supplement TCX 5324.10B, section h (the TCX), to reject his May 16, 2016 issue of Cruising World

---

[1] After the hearing, Plaintiff filed a Motion to File Late Reply (Doc. 126) to Defendants' response to Plaintiff's motion challenging the sufficiency of Defendant's admissions responses. The Court will grant Plaintiff's Motion to File Late Reply and will consider Plaintiff's reply lodged at Doc. 127.

Magazine.² Plaintiff alleges that in 2015, Defendant Shartle implemented the TCX to supplement the Bureau of Prisons Program Statement (PS) 5266.11 governing inmates' receipt of incoming publications.³ Program Statement 5266.11 allows wardens to prohibit an inmate's receipt through the mail of an incoming publication containing "sexually explicit material which by its nature or content poses a threat to the security, good order, or discipline of the institution, or facilitates criminal activity." PS 5266.11 § 2(7). The Program Statement provides that the warden may determine that sexually explicit material involving children will be excluded as potentially detrimental to the security and good order or discipline of the institution or as facilitating criminal activity. *Id.* The Program Statement further provides that "[s]exually explicit material may be admitted if it has scholarly value, or general social or literary value." *Id.* Plaintiff alleges that the TCX "greatly expanded the power of [the] Policy Statement" by "defin[ing] images of 'children who are nude or partially clothed' as 'sexually explicit and sexually suggestive materials and photographs' and then deem[ing] them contraband." (Doc. 48, p. 5 (quoting the TCX,§ h).)

Plaintiff alleges that Defendant Molinar flagged his Cruising World magazine for Defendant Shartle's review because "it contained image(s) of 'young children partially clothed.'"⁴ (*Id.* at 13.) Plaintiff further alleges that Defendant Shartle authorized the rejection of the magazine because "it contained an image that was thought to threaten the security and/or good order of the institution and/or it may facilitate criminal activity." (*Id.*) In Counts one, three, and four of his First Amended Complaint (FAC), Plaintiff alleges that Defendants' conduct violated his rights under the First Amendment. In count one, Plaintiff

---

² Plaintiff describes Cruising World Magazine as a magazine about sailboats. (Doc. 48, p. 9.)

³ Program Statement 5266.11 is entitled "Incoming Publications." The First Amended Complaint does not identify the Program Statement by number. At oral argument, Plaintiff identified the specific Program Statement.

⁴ According to Plaintiff, during the administrative review process, the Western Regional Office described the magazine as containing "images of adolescent children in swimming trunks and other beach attire." (Doc. 48, p. 13.)

challenges the TCX as overly broad and vague "as-applied, . . . where it was used to reject [his] magazine with no penological interest." (*Id*. at 6.) Count three against Defendant Molinar and count four against Defendant Shartle are based on Plaintiff's claim that there is no "rational connection to a penological interest in the decisions to reject the magazine as the facility regularly allows in nudity of all ages (even children) where it is contained in non-exploitative context (e.g. anthropological, artistic, education contexts)" and the prison offered no alternative means for Plaintiff to exercise his First Amendment rights. (*Id.* at 13-14.) Plaintiff also raises equal protection claims against Defendant Shartle, alleging that the TCX is unconstitutional because it applies only to inmates, like Plaintiff, who are sex offenders housed at USP-Tucson. Plaintiff seeks declaratory and injunctive relief under the Court's federal question jurisdiction, 28 U.S.C. § 1331, and the Administrative Procedures Act, 5 U.S.C. § 706(2)(A), (B). He requests that the Court enjoin future rejection of magazines under the TCX; order that the TCX be rewritten to conform with the Constitution and/or Program Statement 5266.11; and declare that rejecting magazines based upon section h of the TCX is unconstitutional.

At oral argument, the parties confirmed that the TCX is now rescinded. However, Plaintiff asserted that Defendants are still applying the TCX criteria to reject publications in contravention of Program Statement 5266.11.[5]

**II.    Admissions Requests**

Plaintiff moves to have his requests for admissions deemed admitted in light of Defendants' untimely responses, or, in the alternative, for the Court to substantially restructure the discovery deadlines. Although admissions are deemed admitted where the responding party files an untimely answer, the Court, in its discretion, may permit a party to withdraw or amend its admissions if doing so (1) would serve the presentation of the case on the merits and (2) would not prejudice the party obtaining the admissions. Fed. R. Civ. P. 36(b); *see also Hadley v. United States*, 45 F.3d 1345, 1348 (9th Cir. 1995). The

---

[5] At oral argument, Plaintiff was clear that he is not challenging Program Statement 5266.11. Rather, he stated that he challenges the TCX he contends the prison is still applying.

Court concludes that Plaintiff's alternative request would better further the interests of justice and that, by Plaintiff's own concession, he would not be prejudiced if his alternative request was adopted instead. The Court will thus grant Plaintiff's Motion in part and extend the discovery deadline 60 days from the date of this Order, and the deadline for dispositive motions to 30 days from the close of discovery.

### III. Second Motion Regarding Sufficiency of Admissions

Plaintiff served 44 requests for admissions, some with sub-parts. (*See* Doc. 112-1.) The majority of Plaintiff's requests refer to images or other documents included in over 700 pages of materials that Plaintiff provided to Defendants. In responding to all of Vanaman's 44 requests, Defendants objected on grounds of proportionality and relevance and, in some instances, Defendants raised additional objections including materiality or form of the question.[6] In some instances, without waiving objection, Defendants provided a substantive response.

Plaintiff objects to the sufficiency of Defendants' responses to his requests for admissions, on the overall ground that Defendants included the same formulaic response to each admission request, and on the more specific ground that select responses misconstrued the admission posed, or deliberately evaded an answer, avoided admitting the authenticity of certain documents without any basis for doing so, or provided an answer to the wrong question.

Upon consideration of Defendants' responses to the requests and the parties' arguments, the Court sustains Defendants' objection that the discovery sought is disproportional to the needs of the case. To determine what discovery is "proportional," the Court considers "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). The Court has broad discretion in deciding whether to permit or deny discovery. *Hallett v. Morgan*,

---
[6] At oral argument, Defendants withdrew their objection to admissions Request No. 1. Therefore, the Court will grant Plaintiff's motion with regard to Request No. 1.

296 F.3d 732, 751 (9th Cir. 2002).

Defendants have provided more than formulaic responses where appropriate—admitting and denying certain requests. The majority of Plaintiff's requests are overly broad, call for legal conclusions, or would require an effort disproportionate to the admission's relevance to provide a more specific response. Additionally, in many instances, Plaintiff is able to obtain the discovery sought from other sources, including by way of his own affidavit. Thus, Plaintiff's Second Motion Regarding Sufficiency of Admissions is denied in part and granted in part.

**IV. Rule 11 Sanctions**

Plaintiff asserts that Defendants have shown a pattern of misleading or lying to the Court, providing by way of example several of Defendants' previous statements, such as their statement contesting that Defendant had exhausted his claims, their statement that "'Vanaman acknowledges that the materials included sexually suggestive images of children,'" and certain statements regarding Plaintiff's requests for admissions. (Doc. 114 p. 4 (quoting Doc. 80, p. 1).)

Fed. R. Civ. P. 11(b) states that by presenting a pleading, motion, or other filing, a party represents that the filing is not being presented for an improper or frivolous purpose, and that the factual contentions have evidentiary support. Sanctions pursuant to this Rule are appropriate where a party acts with conduct tantamount to bad faith, or for another willfully impermissible purpose. *See e.g.*, *Fink v. Gomez*, 239 F.3d 989, 993-94 (9th Cir. 2001). The Court concludes that Rule 11 sanctions are not warranted on this record, and will therefore deny the motion for sanctions.

**V. Motion to Assign Court Resources**

Insofar as Plaintiff requests Court resources to facilitate in taking various depositions, the Court will deny this Motion. As Defendants noted, the court reporter who attended Defendants' deposition of Plaintiff was not a court employee. (Doc. 119.) "[T]he in forma pauperis statute does not authorize the expenditure of public funds for deposition transcripts, court reporter fees, or witness fees. *See* 28 U.S.C. § 1915." *Harris v. Kuersten*,

No. 2:17-cv-1745870, 2019 WL 1745870, at *1 (E.D. Ca. Apr. 2019).

Pursuant to Fed. R. Civ. P. 30(b)(3)-(4), a party may record deposition testimony by audio means, even where the deponent appears remotely, and Rule 33 provides for written interrogatories. At the November 19, 2019 hearing, Plaintiff indicated that he would like to serve interrogatories on Defendants Shartle and Molinar. Plaintiff further indicated that he would like to conduct a deposition of Defendants' expert, Dr. Mulcahy. Counsel for Defendants indicated that he would facilitate audio recording of Dr. Mulcahy's deposition and assist in finding a reporter should Plaintiff wish to pay for transcription services of any recording. The Court will extend the discovery deadline to permit Plaintiff to serve interrogatories on Defendants and to conduct Dr. Mulcahy's deposition.

**Conclusion**

IT IS ORDERED that:

1. Plaintiff's Motion to Rule on Admissions or, alternatively, Motion for Extension of Time (Doc. 108) is GRANTED as to Plaintiff's request to extend discovery deadlines and DENIED as to Plaintiff's motion to deem his requests for admission admitted.

2. Plaintiff's Motion to File Late Reply to Doc. 116 (Doc. 126) is GRANTED.

3. Plaintiff's Second Motion Regarding the Sufficiency of Admissions (Doc. 112) is GRANTED as to Request No. 1, but DENIED as to the remaining Requests.

4. Plaintiff's Motion for Rule 11 Sanctions (Doc. 114) is DENIED.

5. Plaintiff's Motion to Assign Court Resources (Doc. 115) is DENIED.

IT IS FURTHER ORDERED that the discovery deadline is extended for 60 days from the date of this Order, and that the deadline for dispositive motions is extended to 30 days from the close of discovery.

Dated this 9th day of December, 2019.

_____
Honorable Jennifer G. Zipps
United States District Judge