**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Leslie Grey Vanaman, | No. CV-17-00222-TUC-JCH |
| Plaintiff, | **ORDER** |
| v. | |
| Unknown Molinar, et al., | |
| Defendants. | |

Before the Court is pro se Plaintiff's "Motion for Relief from Judgment" (Doc. 177). Plaintiff moves under Federal Rules of Civil Procedure 60(b)(6), (d)(1), and (d)(3) to set aside judgment and hold a new trial.[1] *Id.* at 1. Plaintiff alleges Defendants committed a fraud on the Court by rescinding a policy Plaintiff challenged, then reinstating it after the Court dismissed Plaintiff's challenge as moot. *Id.* at 9. Plaintiff alleges he was prejudiced because he never had a full and fair opportunity to litigate his claims. *Id.* at 10. Defendants respond that they have not reinstated the same policy, and that Plaintiff's claims are precluded in any event because the Court also based its decision in a consideration of the merits. Doc. 178 at 7, 8. Plaintiff replied, Doc. 179, and the Motion is ready for judgment. The Court will deny Plaintiff's Motion for those reasons.

**I.      Legal Standard**

Rules 60(b)(1)–(3) provide that "the court may relieve a party … from a final judgment, order, or proceeding for … (1) mistake … (2) newly discovered evidence …

---

[1] The underlying action was disposed at summary judgment, not trial. *See* Doc. 162.

[or] (3) fraud …, misrepresentation, or misconduct by an opposing party." A motion under Rule 60(b)(1)–(3) "must be made within … a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1). This time limit is inflexible. *See* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rule[] … 60(b).").

Rule 60(b)(6) provides relief "for … any other reason [beyond those specified in 60(b)(1)–(5)] that justifies relief." The moving party "must show extraordinary circumstances justifying the reopening of a final judgment." *Wood v. Ryan*, 759 F.3d 1117, 1120 (9th Cir. 2014) (quotations omitted). The district court has discretion to determine "whether, in light of all the circumstances, the interests of justice require" the relief. *United States v. Sparks*, 685 F.2d 1128, 1130–31 (9th Cir. 1982).

Rule 60(d)(1) preserves the right of the district court to "entertain an independent action to relieve a party from a judgment, order, or proceeding." Fed. R. Civ. P. 60(d)(1). The independent action is a new action that is filed when "the right to make a motion is lost by the expiration of the time limits fixed in these rules." *United States v. Beggerly*, 524 U.S. 38, 45 (1998). Independent actions are disfavored when the issue "is a failure to furnish relevant information that would at best form the basis for a Rule 60(b)(3) motion, [because] the strict 1-year time limit on such motions would be set at naught." *Id.* at 46. Instead, they should "be reserved for those cases of injustices which, in certain instances, are deemed sufficiently gross to demand a departure from rigid adherence to the doctrine of res judicata." *Id.* (quotations omitted).

Rule 60(d)(3) preserves the right of the district court to "set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3). Fraud on the court embraces "only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *United States v. Est. of Stonehill*, 660 F.3d 415, 444 (9th Cir. 2011). Nondisclosure of evidence and perjury by a party are not generally considered to be fraud on the court. *Id.* The moving

party must show "by clear and convincing evidence … more than perjury or nondisclosure of evidence, unless that perjury or nondisclosure was so fundamental that it undermined the workings of the adversary process itself." *Id.* at 445.

I.   Analysis

   A.  **Plaintiff's claims are precluded by the Court's 2021 judgment.**

Plaintiff challenges the Court's order filed January 29, 2021. Doc. 177 at 9 (referring to Doc. 162). Plaintiff alleges the Court granted summary judgment for Defendants based on mootness because the contested policy had been terminated. Doc. 177 at 2. Plaintiff also alleges that as "a result of mootness, the [Court] did not undertake a § 706(2)(A) analysis[.]" *Id.* at 12. Plaintiff goes on to outline arguments he made before filing for summary judgment, and in a related action and on appeal. *Id.* at 12–15. Plaintiff alleges the policy has been reinstated, and a trial is needed because he was previously "unable to fully and fairly present his complaint." *Id.* at 20.

Plaintiff is mistaken. The Court's 2021 judgment granted summary judgment for Defendants based on (1) mootness (Doc. 162 at 12–14), and (2) the merits of Plaintiff's claims (Doc. 162 at 14–22). The Ninth Circuit affirmed on both bases. Doc. 175-1. Plaintiff has had "a full and fair opportunity to litigate the merits[.]" *Littlejohn v. United States*, 321 F.3d 915, 923 (9th Cir. 2003). Even if Defendants had reinstated the policy at issue, further litigation of Plaintiff's claims is precluded by the Court's 2021 judgment.

In his Reply, Plaintiff acknowledges that the Court ruled on the merits but asserts that "a constitutional analysis under *Turner v. Safley* fails because [the challenged policy] … falls short of APA requirements under 5 U.S.C. § 706(2)(A)." Doc. 179 at 6. Plaintiff's citations to motions he filed before summary judgment, related actions, and his arguments on appeal do not establish that the Court should have considered them in its 2021 Order. Plaintiff's argument at summary judgment was under *Turner*, and the Court applied the *Turner* factors to his claim. *Compare* Doc. 144, *with* Doc. 162. The Ninth Circuit affirmed on that basis in addition to mootness. To the extent Plaintiff seeks to relitigate his motion for summary judgment with new arguments that were available to

him then, he is precluded from doing so.

### B. Plaintiff is not entitled to relief under Rule 60.

Plaintiff is time-barred from moving Rules 60(b)(1)–(3) because the judgment he seeks to set aside was filed more than a year before his Motion. Plaintiff challenges the Court's order filed January 29, 2021. Doc. 177 at 9 (referring to Doc. 162). The new policy began May 13, 2021. Doc. 178-1 at 7. Plaintiff was notified that one of his incoming publications was rejected under the new policy on November 30, 2022. Doc. 177 at 19.[2] Plaintiff filed the current Motion on February 13, 2023. Doc. 177 at 1. Even if equitable tolling were available, Plaintiff fails to provide any evidence that he could not have filed his Motion earlier than January 29, 2021. The Court also notes that Plaintiff filed his Motion shortly after his appeal was denied. *See generally, e.g.*, *Pursley v. Estep*, 2007 WL 4322330 at *2 (D. Colo. Dec. 7, 2007) ("Here, plaintiff waited nearly nine months after this Court's Order, and until after his appeal had already been denied by the Tenth Circuit, before filing his Rule 60(b) motion. The filing is untimely."). Plaintiff cannot seek relief from the Court's judgment for reasons of mistake, newly discovered evidence, or fraud by the opposing party.

Plaintiff's arguments under Rule 60(b)(6) are unpersuasive. Plaintiff asserts that the Court can reconsider a final judgment under Rule 60(b)(3) even when time-barred because Rule 60(b)(6) provides a catchall for relief for any other reason that justifies relief. Doc. 177 at 14. But the Rule 60(b)(6) catchall does not revive Rules 60(b)(1)–(3) because Rule 60(b)(6) "is available only when Rules 60(b)(1) through (b)(5) are inapplicable." *Kemp v. United States*, 142 S. Ct. 1856, 1861 (2022). Plaintiff also fails to establish extraordinary circumstances under Rule 60(b)(6). Plaintiff alleges Defendants sought to evade the Court's review by first terminating the policy and then reinstating it shortly after the Court's decision was affirmed. Doc. 177 at 20. But Defendants show that only the title of the policy ("TCX 5324.10B") was identically reinstated—the new policy

---

[2] In his Reply, Plaintiff asserts that he "did not actually receive [the response dated November 30, 2022] until after December 1, 2022." Doc. 179 at 7 n. 3. Plaintiff's allegation, even if credited, does not change the Court's analysis.

contains elements of the former policy but is not identical. *Compare* Doc. 177 at 37–43 (providing the rescinded policy), *with* Doc. 178-1 at 7–14 (providing the reinstated policy). Those elements of the new policy that are identical were analyzed in the Court's 2021 judgment. *Compare, e.g.*, Doc. 178-1 at 10–11, *with* Doc. 162 at 5–6, 14–22. Plaintiff's Motion therefore fails to demonstrate an extraordinary circumstance warranting relief under Rule 60(b)(6).

Plaintiff's arguments under Rules 60(d)(1) and 60(d)(3) are similarly unpersuasive. Plaintiff has not instituted a new action such that Rule 60(d)(1) applies. Even if he had, Plaintiff has not shown that the reinstated policy is identical with the old policy, and to the extent it is identical the Court has already determined the policy is constitutional. Plaintiff's Motion therefore fails to demonstrate a grave miscarriage of justice or fraud on the court warranting departure from res judicata principles.

II.   **Order**

For the reasons above,

**IT IS ORDERED DENYING** Plaintiff's Motion (Doc. 177). This case is to remain closed.

Dated this 21st day of March, 2023.

_____
Honorable John C. Hinderaker
United States District Judge